# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

AT&T INTELLECTUAL PROPERTY II,
L.P.,

                              Plaintiff,

-vs-                                                    Case No.  6:08-cv-1032-Orl-28DAB

EDWARD PURO and GET REAL
ADVERTISING, INC.,

                              Defendants.
_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

     This cause came on for consideration without oral argument on the following motion filed

herein:

---

| | |
|---|---|
| **MOTION:** | **PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT JUDGMENT AND PERMANENT INJUNCTION (Doc. No. 16)** |
| **FILED:** | **August 27, 2008** |

---

**THEREON** it is **RECOMMENDED** that the motion be **GRANTED** in part.

---

### BACKGROUND

     As set forth in the motion, Plaintiff AT&T Intellectual Property II, L.P. (herein "AT&T") filed

suit against Defendants for unauthorized use of a variety of AT&T trademarks (Doc. No. 1).  In the

multi-count Complaint,[1] Plaintiff sought injunctive relief and damages for federal and common law infringement, federal and common law unfair competition, federal and state law dilution, cyberpiracy, and for violation of the Florida Deceptive and Unfair Trade Practices Act.  Plaintiff also moved for a Preliminary Injunction (Doc. No. 2), and Defendants were personally served with the Complaint and Motion, as well as the Court's Notice of Hearing on the Motion (Doc. Nos. 6, 7).  Defendants failed to appear at the hearing (Doc. No. 11).  The Court granted the motion, and entered a Preliminary Injunction prohibiting the conduct (Doc. Nos. 11, 12).  As required by the Court, AT&T posted a $1,000 cash bond (Doc. No. 13).

Following Defendants failure to answer or otherwise appear, AT&T filed a motion for clerk's default (Doc. No. 14) and the Clerk obliged, on August 8, 2008 (Doc. No. 15).  The instant motion, which seeks only injunctive relief, costs and attorney's fees, followed.

### STANDARDS OF LAW AND ANALYSIS

The effect of the entry of a default is that all of the factual allegations in the Complaint are taken as true, save for the amount of unspecified damages.  Thus, if liability is well-plead in the complaint, it is established by the entry of a default.  *Buchanan v. Bowman,* 820 F.2d 359, 361 (11th Cir. 1987).  A court may enter a default judgment only if the factual allegations of the complaint provide a sufficient legal basis for entry of a default judgment.  *Nishimatsu Constr. Co. v. Houston National Bank,* 515 F. 2d 1200, 1206 (5th Cir. 1975).  If the amount of damages sought are not specified in the Complaint, Plaintiff must prove up the unliquidated sums, in a hearing on damages or otherwise. Rule 55(b)(2), Federal Rules of Civil Procedure.

*Injunctive Relief*

---

[1] Although Plaintiff refers to the Complaint as the "Verified" Complaint, the verification is by Bill Walsh, identified further only as "with AT&T Advertising and Publishing Corporation," which does not appear to be the same entity as Plaintiff.  As Defendants have defaulted, and Plaintiff has otherwise presented sufficient evidence in support of the motion for preliminary injunction, the vagueness of the verification is irrelevant.

Here, as noted, AT&T waives its rights to damages, and seeks entry of a Final Default Judgment and Permanent Injunction, attached to the motion as Exhibit B (Doc. No. 16 at page 27). The proposed Injunction tracks the language of the Complaint with respect to the requested relief, and the Court has already reviewed the Complaint, motion for preliminary injunction, and supporting documents and found the circumstances sufficient to warrant preliminary injunctive relief. The proposed permanent injunction is in order and appropriate under the circumstances, and by virtue of the defaults, Plaintiff has established "actual success on the merits." It is therefore **respectfully recommended** that the Court grant the motion, and enter the Proposed Injunction, as modified herein.

*Attorney's Fees*

The Lanham Act allows for an award of fees to the prevailing party in "exceptional cases." 15 U.S.C. § 1117(a). Plaintiff argues that this is such a case, in view of the recurring infringement, despite notice, and this Court agrees.[2] *See Microsoft Corp. v. Raven Technology, Inc.*, 2007 WL 438803, 4 (M.D. Fla. 2007). At issue is the appropriate amount of the award.

In evaluating the appropriate amount of the award, the Court follows the familiar lodestar approach. "The starting point in fashioning an award of attorney's fees is to multiply the number of hours reasonably expended by a reasonable hourly rate." *Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir.1994) (per curiam); *see also Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience and reputation. *Gaines v. Dougherty County Board of Education*, 775 F.2d 1565, 1571 (11th Cir.1985).

---

[2]The Court takes judicial notice that, as of the date of this Report, despite the terms of the Preliminary Injunction, the offending websites are still operational and the marks are still in use. *See, e.g.,* http://www.321getreal.com/index.html

Factors to be considered when setting a fee include: 1) the time and labor required; 2) the novelty and difficulty of the issues; 3) the skill required to perform the legal services properly; 4) preclusion of other employment; 5) the customary fee; 6) whether the fee is fixed or contingent; 7) time limitations imposed by the client or circumstances; 8) the amount involved and the results obtained; 9) the experience, reputation and ability of the attorneys; 10) the undesirability of the case; 11) the nature and length of the professional relationship with the client; and 12) awards in similar cases. *Johnson v. Georgia Highway Express, Inc*., 488 F.2d 714, 717-19 (5th Cir.1974). The going rate in the community is the most critical factor in setting the fee rate. *Martin v. University of South Alabama*, 911 F.2d 604, 610 (11th Cir.1990).

In the motion, Plaintiffs seek an award of $21,800.18 (plus an additional amount – believed to be $3,000, not yet billed) (Doc. No. 16 at 9).  The supporting Declaration sets forth attorney's fees of $20,146.00 (for the months of May, June and July 2008) and costs of $1,654.18 (Doc. No. 16, at page 16).  The Declaration is accompanied by billing itemizations, albeit redacted. The Declaration establishes that AT&T utilized the services of three attorneys (two partners and one associate) and two paralegals to prosecute this action, at rates ranging from $80 to $195 hourly, to wit:

| Richard Gordon | Partner | 17.6 hours | $195/hr | $3,432.00 |
| Richard Gordon | Partner | 11.8 hours | $160/hr | $1,888.00 |
| Albert Frevola | Partner | 4.8 hours | $190/hr | $912.00 |
| Albert Frevola | Partner | 4.2 hours | $160/hr | $672.00 |
| Ivan Kopas | Associate | 70.7 hours | $170/hr | $12,019.00 |
| Lisa Ura | Paralegal | 12.6 hours | $90/hr | $1,134.00 |
| Karen Kosta | Paralegal | .1 hours | $90/hr | $9.00 |
| Karen Kosta | Paralegal | 1.0 hour | $80/hr | $80.00 |

While the motion and supporting papers are silent as to the experience of Mr. Gordon, Mr. Frevola, and the paralegals, the Court takes judicial notice of the fact that the rates charged for the partners are well within what is reasonable and customary for partners in this community, and, indeed, below that routinely charged for federal court representation.  As for Mr. Kopas' rate (which is more than either partner initially charged), as the Declaration asserts that he has been a member of the bar since 2001, his rate, and that of the paralegals, is likewise appropriate.

As for the number of hours, the Court notes that even though Defendants defaulted, this case involved significant legal work.  The Complaint covered numerous trademarks and federal and state law causes of action, Plaintiff moved for and obtained a preliminary injunction (which required preparation of evidence, legal research, and attendance at a hearing), and Plaintiff also prepared the instant motion and proposed judgment.  The Court finds the amount of hours billed to be appropriate **to date.**

The Court notes that Plaintiff seeks to supplement the request to add an additional $3,000 or so for work done in August 2008.  The Court **recommends** that this request be denied.  The docket reflects only the instant motion and the motion for entry of clerk's default (less than one page of relevant text) filed in the month.  While the Court has no quibble with the quality of the papers, they simply do not reflect $3,000 worth of labor.[3]  Absent any evidence regarding this additional work, the Court (itself an expert on attorney's fees) finds that $2,000 is a more appropriate award for August work.  As for Plaintiff's request to award costs, that is more appropriately done by filing a Bill of Costs, in the usual course.

---

[3]Assuming the Associate billing $170 per hour completed the two papers, the amount would equal roughly 18 hours of work.

Plaintiff's final request is to discharge the cash bond posted in this matter.  This request (set forth in the proposed Final Default Judgment and Permanent Injunction) should be granted.

As such, the Court **recommends** that the motion be **granted, in part,** in that the proposed Final Default and Permanent Injunction (Doc. No. 16 at 27) be entered **except that** attorneys fees be awarded in the total amount (inclusive of all work) of **$22,146.00** (paragraph 5 of the Proposed Permanent Injunction)**,** and costs should be addressed by separate Bill of Costs.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on September 3, 2008.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy